(No. 76-CV-1556–)

*In re* APPLICATION OF LIZZIE THOMAS.

*Opinion filed December 22, 1980.*

MARC J. ANSEL, for Claimant.

TYRONE C. FAHNER, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on September 5, 1976, in Champaign, Illinois. Lizzie Thomas, wife of the deceased victim, Lyance Thomas, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an Investigatory Report of the Attorney General which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. The Claimant's deceased husband, Lyance Thomas, age 21, was a victim of a violent crime as defined in section 7(c) of the Act, to wit: Murder. Ill. Rev. Stat. 1979, ch. 38, par. 9—1.

2. That on September 5, 1976, Claimant's husband was found dead on a country road near Champaign, Illinois. There were no witnesses to the incident. It was determined that the victim died of acute asphyxia. The body was taken to Burnham City Hospital Morgue. The Claimant and Respondent have jointly stipulated to the facts surrounding the death of Lyance Thomas as contained in the investigative report of the Sheriff of Champaign County, a copy of which is attached hereto and made a part hereof, and that both parties jointly stipulated that this Court may rule on the facts included in that report.

3. The Claimant seeks compensation for funeral expenses and loss of support for herself and her minor child.

4. Funeral and burial expenses were paid by the Claimant in the amount of $1,918.50.

5. The Claimant and her minor daughter were totally dependent upon the victim for support.

6. That section 4 of the Act states "* * * loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500 per month, whichever is less."

7. That prior to his death, the victim was employed by Kraft Foods, Inc., and his average monthly earnings were $881.

8. That the victim was 21 years of age at the time of the crime. According to the U.S. Department of Health, Education and Welfare, *Vital Statistics of the United States*, 1973, Life Tables, Volume II, his life expectancy would have been 52 years. The projected loss of earnings for 52 years is in excess of $10,000 which is the maximum amount compensable under section 7(e) of the Act.

9. That section 7(d) of the Act provides for a deduction of $200 plus the amount of benefits, payments or awards payable under the Workmen's Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*), from local governmental, State or Federal funds or from any other source except annuities, pension plans, Federal social security benefits and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance paid or payable to the Claimant.

10. After making all applicable deductions under the Act, the Claimant's loss is in excess of the $10,000 maximum award allowed in section 7(e) of the Act.

11. The Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

It is, therefore, ordered that the sum of $10,000 (ten

thousand dollars) be and is hereby awarded to Lizzie Thomas, wife of Lyance Thomas, an innocent victim of a violent crime. It is further ordered that the award be paid to her within thirty days of the date of this opinion.